*Municipal Court of the
City of Boston*
No. T-15775

**EMILY E. BIANCHI**

v.

**CITY OF BOSTON**

Argued: May 24, 1968   Decided: June 7, 1968

*Present:* Gillen, J. (Presiding), Lewiton, & Shamon, JJ.

Case tried to *Glynn, J.*

*Gillen, J.* This is an action of tort wherein the plaintiff seeks to recover damages for personal injuries suffered by her catching her foot in a depression in the sidewalk at Charles Street, Boston, at or near the entrance to the Suffolk County Jail.

The answer in part is a general denial and denial of the incident occurring on a public way (over which the City of Boston had jurisdiction at the time of the injury).

*At the trial there was evidence to show that* plaintiff was injured in the afternoon of September 28, 1966, on the sidewalk paralleling the landward side of Charles Street a short distance from the entrance to the Suffolk County Jail which abuts said sidewalk, that there was a depression in said sidewalk wherein she caught her foot, and that she lost earning capacity, was treated medically, and incurred bills as a result thereof.

The plaintiff entered photographs showing the locus of the incident to be a few yards from the door to the jail. The plaintiff offered no proof of Charles Street being a public way of the City of Boston (that is in front of the jail).

There were five requests for rulings of law. The first was denied and the remaining ones granted. The trial judge found for the defendant.

It is not necessary to explore the requests because there is no evidence in the report that the locus of the accident on Charles Street on the sidewalk at or near the entrance to the Charles Street Jail was a public way of the City of Boston at the time of the injury. There was some evidence (incomplete) introduced by the defendant that years before the injury a taking had been made by eminent domain by the Metropolitan District Commission in this area of Boston. The introduction of Taking # 1122 *in toto*, of the Metropolitan District Commission, well might have supplied the evidence necessary to reach a definite conclusion as to who had control of this locus at the time of injury.

The principal argument of the plaintiff is that even though the locus of the accident was taken by eminent domain by the Metropolitan District Commission from the City of Boston, the latter still continued to have a right of way by necessity in the area including the locus, so that access would be available to the Suffolk County Jail. However, there is nothing in the

report to show that the Suffolk County Jail is the property of the defendant, or that the defendant owns any other property in that area for which a right of way by necessity could be inferred. Consequently, there is no basis for charging the defendant with responsibility for maintenance of this sidewalk at the time of the accident to the plaintiff.

The order is **Report Dismissed.**

RICHARD BATES HARRIS,
   for the Plaintiff.

THOMAS W. LAWLESS, JR.,
   Asst. Corp. Counsel for the Defendant.

*(Appellate Divisions continued on Page Twelve)*